IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CAMERON TODD, #K2611                                                          PETITIONER

VS.                                                              NO. 1:05CV0143-GHD-JAD

LEPHER JENKINS, ET AL.                                                      RESPONDENTS

## REPORT AND RECOMMENDATION

The court has considered the respondents' motion to dismiss (Doc. 14) and the petitioner's response.

The respondents have moved to dismiss the petition pursuant to 28 U.S.C. § 2244(d). The statute, with limited exception, requires that any federal petition for habeas corpus must be filed within one year of the date that the petitioner's state court conviction becomes final. The running of this statute of limitations is tolled during the pendency of properly filed state post-conviction proceedings.

Cameron Todd was convicted for three counts of sexual battery and one count of fondling of a female child under the age of fourteen (14) in the Circuit Court of Chickasaw County, Mississippi. Todd was sentenced on each of the three sexual battery counts to serve a term of twenty (20) years, with eight (8) years suspended and twelve (12) years to serve; Todd was sentenced on the fondling charge to serve a term of ten (10) years with eight (8) years suspended. On November 8, 2001, the Mississippi Supreme Court affirmed Todd's judgment of convictions and sentences. Because Todd did not file a petition for writ of certiorari with the United States Supreme Court, his judgment became final ninety (90) days after the final decision in state court on May 8, 2002. *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).

Todd filed his state application for leave to proceed in the trial court on January 17, 2002, prior to his conviction becoming final for federal habeas purposes. Todd's application was granted by order of the Mississippi Supreme Court on August 19, 2002, and Todd was given permission to proceed in the trial court with his motion for post-conviction relief. The trial denied Todd's motion for post-conviction relief by order filed January 5, 2003. Todd appealed the lower court's denial of relief, and the Mississippi Court of Appeals affirmed the lower court's ruling. The statute was continuously tolled from the affirmation of the conviction until the final disposition of Todd's post-conviction state proceedings on May 18, 2004. The federal statute of limitations commenced the next day.

Todd had one year to and including May 19, 2005 in which to timely file his petition with the court. Under the "mailbox rule," Todd's *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000). In the instant case, Todd's petition was " filed" sometime between the date it was signed on June 7, 2005, and the date it was received and filed in the district court on June 9, 2005. The petition was not filed timely. Todd has not been actively misled nor prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson,* 192 F.3d at 513-14. He cites no " rare and exceptional" circumstance to warrant equitable tolling.

The undersigned recommends that the petition be dismissed with prejudice pursuant to 28 U.S.C. § 2244(d).

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 8th day of March, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE